UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMILEMART, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07758-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS**<br><br>Re: Dkt. No. 24 |

## I.   BACKGROUND

Plaintiff Hendrik Block filed this disability rights suit, asserting claims under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq.*, the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et seq.*, and the California Health and Safety Code § 19955, *et seq.* Mr. Block, who says that he must use a walker, wheelchair, or motorized scooter for mobility, claims that he encountered accessibility barriers during a visit to a SmileMart store in San Jose, California. Specifically, he alleges that there was a steep ramp and no level landing at the entrance to the store, the store's interior floor was uneven and had missing pieces, and the store's aisles were too narrow. Dkt. No. 1 ¶¶ 8, 10. Defendants say they are the tenants of the real property where the store is located and that defendant Phuong Ton is a partial owner of the land and building structure on the property. Dkt. No. 32 at 2.

The parties held a joint site inspection on February 28, 2020 and participated in a mediation on June 16, 2020. After the site inspection and prior to the mediation, Mr. Block says that he sent defendants a draft settlement agreement and more than one settlement demand, to which he claims defendants either did not respond at all or were slow to respond. Defendants

reportedly made a counteroffer a few days before the scheduled mediation, but those communications did not result in the resolution of any issues. Dkt. No. 24-1 ¶¶ 19-22; Dkt. No. 34-1 ¶¶ 12-17. At the mediation, the parties reached a settlement on Mr. Block's claims for injunctive relief and $4,000 in statutory damages, but were unable to agree on Mr. Block's attorney's fees and costs. Dkt. No. 24-1 ¶ 23; Dkt. No. 34-1 ¶ 17. In July 2020, the parties stipulated to the dismissal of this action with prejudice, leaving their dispute over attorney's fees and costs to be resolved by the Court. Dkt. No. 22. The Court entered the parties' stipulation as an order and retained jurisdiction to address Mr. Block's anticipated motion for fees and costs. Dkt. No. 23.

Now before the Court is Mr. Block's motion for $ 25,020 in attorney's fees and $2,975.49 in litigation costs for a total award of $27,995.49. Although Mr. Block timely filed his motion for fees and costs, defendants failed to file any response. It was not until after briefing closed and the Court issued a notice stating that Mr. Block's motion was deemed submitted without oral argument (Dkt. No. 25) that defendants filed a request to "continue" the motion hearing, which by then had already been vacated. Dkt. No. 26. While the Court noted that defendants failed to explain their apparent carelessness in calendaring deadlines and monitoring the docket, the Court granted their request to re-open the briefing and for some additional time in which to respond to Mr. Block's fees motion. Dkt. No. 31. The matter is fully briefed and is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants Mr. Block's requested fees in part and grants all of his requested costs.

## II.     DISCUSSION

The ADA gives courts the discretion to award attorney's fees, including litigation expenses and costs, to prevailing parties. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12205). Similarly, the Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code § 52(b)(3).

### A.     Fees

Whether calculating attorney's fees under California or federal law, courts follow the

2

lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

In the present matter, Mr. Block seeks fees at rates of $475/hour for attorney Tanya Moore, $175/hour for paralegal Isaac Medrano and $150/hour for paralegal Whitney Law. The total hours claimed by each timekeeper are as follows: Ms. Moore (42.9 hours), Mr. Medrano (5.7 hours) and Ms. Law (24.3 hours). Although defendants do not dispute the reasonableness of the claimed hourly rates (Dkt. No. 32 at 5),[1] they oppose Mr. Block's requested fees on the ground that the number of hours spent by Ms. Moore and her paralegals on this matter is excessive.

Mr. Block "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. Defendants have "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. A district court should also exclude from the lodestar fee calculation

---

[1] Mr. Block has submitted sufficient evidence establishing the reasonableness of those rates, citing decisions of courts in this district (including this Court) that have approved the same rates sought here for the same timekeepers. *See* Dkt. No. 24-1 ¶¶ 7-9; Dkt. No. 24-3 ¶¶ 2-3; Dkt. No. 24-4 ¶¶ 2-3; *see also*, *e.g.*, *Rivera v. Crema Coffee Co., LLC*, No. 5:18-cv-01531-VKD, 2020 WL 4701131, at *2 (N.D. Cal. Aug. 13, 2020); *Hernandez v. Spring Charter, Inc.*, No. 19-cv-01479-TSH, 2020 WL 1171121, at *4 (N.D. Cal. Mar. 11, 2020).

any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

"The party opposing fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees." *Rivera v. Portfolio Recovery Associates, LLC*, No. 13-2322 MEJ, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013). However, "[e]ven if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Id*. (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)).

### 1.   Complaint Preparation and Service of Process

Defendants contend that Mr. Block's counsel spent an unreasonable amount of time preparing the complaint and other initiating documents. They request that the 3.8 hours claimed by Ms. Moore and 1.0 hour claimed by Ms. Law on these activities should be reduced to no more than 0.5 hours each, arguing that the pleadings Ms. Moore files in these types of cases are nearly identical, except for a few distinguishing fact details.

Of the 4.8 total hours claimed by Ms. Moore and Ms. Law , the submitted time records indicate that Ms. Moore spent 0.55 hours[2] drafting a portion of the complaint and reviewing and revising the pleading, and Ms. Law spent 0.6 hours doing the same. Dkt. No. 24-2 at 20-21.[3] The remaining time was spent investigating Mr. Block's claims, conferring with Mr. Block and Ms. Moore's investigator, and researching the defendants. *Id*. Although defendants argue that these

---

[2] The timesheet indicates that Ms. Moore actually spent 0.95 hours drafting, reviewing and revising the complaint, but that she voluntarily deducted 0.4 hours for time spent in reviewing and communicating about finalizing the pleadings. Dkt. No. 24-2 at 2.

[3] All pin cites in this order refer to the page number that appears in the ECF header that appears on filed documents.

4

activities should have been handled by Ms. Moore's paralegals, "leav[ing] little room for Ms. Moore to even spend any time in the initial process of the lawsuit," Ms. Moore correctly notes that she has an obligation under Rule 11 to investigate and confirm Mr. Block's claims. The Court finds no basis to conclude that the 4.8 hours spent on pre-filing investigation activities and in the preparation of the complaint and service of process are unreasonable, and no deductions will be made to that time. *See Spring Charter, Inc.*, 2020 WL 1171121 at *6 (upholding nearly four hours spent on "fact investigation and development, conferring with [plaintiff], reviewing his correspondence, researching the defendants, and drafting and revising the complaint, among other things"); *Hernandez v. Yen*, No. 5:13-cv-01830-RMW, 2015 WL 5185669, at *4 (N.D. Cal. Sept. 4, 2015) (concluding that 4.3 hours spent on pre-filing investigation and an additional 8.9 hours spent on preparation and service of complaint were reasonable).

As for the 0.4 hours claimed by Mr. Medrano, it is unclear precisely what time entries are represented by this sum, and defendants do not appear to challenge it. *See* Dkt. No. 32 at 6. Nevertheless, insofar as Mr. Medrano's total claimed 5.7 hours includes time he spent preparing the one-page magistrate judge consent form (0.2 hours) and preparing a one-page notice of change of address form (0.2 hours), the claimed time is excessive. *See* Dkt. No. 24-2 at 21. These time entries appear to correspond to docket entries 6 and 7, and preparation of those documents should not have taken any more than 0.1 hours each. Accordingly, the Court deducts 0.2 hours from Mr. Medrano's time.

### 2. Review of ECF Filed Documents and Notices

Defendants argue that 1.2 hours Ms. Moore spent reviewing documents prepared by her paralegals is excessive and should be discounted entirely.[4] The time entries at issue here appear to correspond to time Ms. Moore spent between December 16, 2019 and January 2, 2020 reviewing various ECF filings, including executed summons forms, defendants' answer and affirmative defenses, and notices from the Clerk's Office regarding e-filing docketing errors. Dkt. No. 24-2 at 21-22. The entries reflect that Ms. Moore reviewed documents filed by Mr. Block for accuracy,

---

[4] Defendants do not take issue with the 0.2 hours claimed by Mr. Medrano and the 0.1 hours claimed by Ms. Law.

5

1    and that with respect to defendants' answer, some time was spent determining whether a motion to
2    strike was necessary. *Id*.

3          For the most part, the Court finds that the time spent is reasonable and that no deductions
4    are warranted. However, the 0.5 hours Ms. Moore spent on December 16, 2019 "[r]eview[ing]
5    and analyz[ing] docket nos. 6-8 for accuracy" is excessive. *Id*. at 21. The referenced docket
6    entries are Mr. Block's one-page magistrate judge consent form, Ms. Moore's one-page change of
7    address form, and a proof of service for the complaint and summons. The Court does not see why
8    it should have taken any more than a few minutes to verify the accuracy of all of these filings.
9    Additionally, Ms. Moore spent 0.1 hours reviewing a notice from the Clerk's Office correcting
10   defendants' e-filing errors, and another 0.1 hours reviewing the return of service as to defendant
11   Phuong Ton "for accuracy." Dkt. No. 24-2 at 22. The Clerk's Office notice in question is a very
12   short, non-substantive docket entry that does not require six minutes to review. Although Ms.
13   Moore indicates that some of this time was spent assessing whether any further action was
14   required by Mr. Block, the notice in question clearly states that "[n]o further action is necessary."
15   Nor does the Court find a six-minute review of Mr. Block's own return of service to be
16   reasonable. Accordingly, a total of 0.6 hours will be deducted from Ms. Moore's time.

17                  **3.     Mr. Block's Initial Disclosures**

18   Defendants challenge time spent by Ms. Moore (0.5 hours), Ms. Law (0.3 hours) and Mr.
19   Medrano (0.3 hours) on Mr. Block's initial disclosures, and request that the time spent by Ms.
20   Moore and Mr. Medrano be deducted entirely.[5] Defendants contend that these disclosures are
21   provided on a standard form that only requires changing the defendants' names and case number
22   for a given case. The submitted time records indicate that Ms. Law spent 0.3 hours drafting the
23   initial disclosures. Dkt. No. 24-2 at 23. Ms. Moore avers that she is obliged to oversee the work
24   of her paralegals and that the 0.5 hours she spent reviewing the file and the initial disclosures
25   included time spent confirming that all witnesses and evidence were disclosed and instructing Ms.

---

[5] Defendants do not argue that any of Ms. Law's claimed time should be deducted. *See* Dkt. No. 32 at 7.

6

1   Law on finalizing the disclosures. Dkt. No. 34-1 ¶ 9. The Court does not find the time incurred

2   by Ms. Moore on these activities to be unreasonable. However, the Court does find excessive the

3   0.3 hours Mr. Medrano spent "[d]rafting proof of service to initial disclosures" (Dkt. No. 24-2 at

4   23) and therefore will deduct 0.2 hours from his time.

### 4. General Order No. 56 Joint Site Inspection and Settlement Meeting

Defendants next take issue with 7.8 hours spent by Ms. Moore and 1.5 hours spent by Mr. Medrano in connection with the joint site inspection and settlement meeting mandated by General Order No. 56. *See* Dkt. No. 24-2 at 22-24. Defendants contend that these hours are unreasonable, claiming that the inspection took only 35 minutes,[6] followed by a 20-minute settlement discussion. Additionally, defendants posit that, rather than spending an hour reviewing the post-inspection report, Ms. Moore should have taken no more than 0.1 hours to skim it because the substance of the report "was orally made at the time of the inspection[.]" Dkt. No. 32 at 8. Further, defendants argue that it should not have taken Mr. Medrano 1.5 hours to prepare what they characterize as "three quick emails" regarding the site inspection. Defendants request that Ms. Moore's time be reduced to no more than 1.1 hours and that Mr. Medrano's time be reduced to 0.3 hours.

The submitted timesheets indicate that the claimed hours include time spent corresponding with Mr. Block and defense counsel about scheduling the site inspection, preparing for the inspection (including by reviewing the complaint and initial disclosures), traveling to and attending the inspection, and participating in the subsequent settlement meeting. Dkt. No. 24-2 at 22-24. Additionally, as reflected in her timesheets, Ms. Moore attests that some time was spent waiting for defense counsel, who arrived late to the inspection (after Ms. Moore called his office to inquire whether he was on his way) and requested that they not start the inspection without him. Dkt. No. 24-2 at 25; Dkt. No. 34-1 ¶ 10. The Court does not find the 1 hour Ms. Moore incurred

---

[6] Defendants assert that during the inspection Ms. Moore spoke on her cell phone about unrelated matters. Dkt. No. 32 at 7-8. Their assertions, which are not supported by any evidence, do not state the frequency or duration of such calls or indicate that Ms. Moore's alleged unrelated discussions occurred over any substantial period during the site inspection. Accordingly, on this record the Court finds no basis to deduct any time based on Ms. Moore's alleged unrelated phone discussions.

1   to review the inspection report unreasonable, notwithstanding that she was present at the

2   inspection itself.  Nor does the Court find any other basis to reduce the time claimed by either Ms.

3   Moore or Mr. Medrano.  No deductions will be made.

### 5. Post-Site Inspection Settlement Discussions

Defendants contend that excessive hours are claimed by Ms. Moore (3.6 hours) and Ms. Law (1.0 hours) for certain communications that occurred after the joint site inspection.  Here, defendants claim that there was one email from Mr. Block's counsel that should not have taken more than 0.3 hours to prepare and one phone call with counsel that lasted less than 6 minutes.  As for Mr. Block's settlement proposal communicated during this period, defendants argue that Ms. Moore uses the same agreement in multiple cases that would have required only minor changes and that could have been easily prepared by her paralegals.  Defendants request that the Court deduct 3.2 hours from Ms. Moore's time and 0.5 hours from Ms. Law's time.

Review of the time entries for this period indicate that Ms. Moore spent several hours assessing the injunctive relief to be included in any settlement, discussing settlement (among other things)[7] with Mr. Block, and directing Ms. Law on the preparation of a settlement agreement. Dkt. No. 24-2 at 24-25.  Ms. Law spent 0.6 hours conferring with Ms. Moore, drafting the settlement agreement, and sending the agreement to Mr. Block and defense counsel.  Both she and Ms. Moore spent some additional time following up on the settlement proposal with defense counsel, who apparently did not respond.  *Id*.; Dkt. No. 24-1 ¶¶ 19-22; Dkt. No. 34-1 ¶¶ 11-13, 15-17.  The Court finds nothing unreasonable about Mr. Block's attempts to settle this matter prior to mediation or the amount of time Ms. Moore and Ms. Law incurred in these activities.  No deductions will be made.

### 6. Mediation

Defendants challenge the time claimed by Ms. Moore (14.8 hours), Mr. Medrano (3.1 hours) and Ms. Law (2.3 hours) in connection with the mediation held pursuant to General Order No. 56.  Defendants claim that the total mediation time was 2.2 hours, and that it should have

---

[7] Certain matters have been redacted from counsel's timesheets, presumably to preserve any claimed attorney-client privilege.

taken a paralegal no more than 1 hour to prepare the mediation statement and the resulting settlement agreement, with only a modest modification deleting the portions pertaining to Mr. Block's fees and costs. They request that the Court deduct 12.3 hours from Ms. Moore's time and 2.1 hours from Mr. Medrano's time, and that Ms. Law's claimed hours be deducted entirely.

The parties appear to differ on the length of the mediation. As noted above, defendants assert that the mediation itself was 2.2 hours, whereas Ms. Moore's timesheets indicate that the mediation began around 10:30 a.m. and ended at 3:00 p.m., without any breaks. *See* Dkt. No. 24-2 at 27; Dkt. No. 32 at 9. In any event, having reviewed the time records, the Court finds that, for the most part, the time claimed by Ms. Moore and her staff reasonably was spent not just on the mediation itself, but on preparation for the mediation, including multiple pre-mediation phone calls,[8] review of defendants' mediation statements, and research on an ownership issue that Ms. Moore says was raised in defendants' mediation brief. Dkt. No. 24-2 at 25-28; Dkt. No. 34-1 ¶¶ 14, 18. Nevertheless, the Court does not see why it should have taken Mr. Medrano 0.3 hours to draft the notice of need for mediation and another 0.2 hours to finalize that form. Dkt. No. 24-2 at 25. The referenced notice is a one-page administrative form that requires the filing party to fill in the dates of the site inspection and the settlement meeting required by General Order No. 56, as well as the names of those who participated in those events. *See* Dkt. No. 18. Accordingly, 0.4 hours will be deducted from Mr. Medrano's time.

### 7. Post-Mediation Settlement Efforts

Ms. Moore and Ms. Law claim 2.7 hours and 1.0 hour, respectively, for efforts made to resolve Mr. Block's fees and costs, without having to proceed with a motion for the same. Defendants contend that these fees are excessive, claiming that they received three emails from Ms. Moore's office (all written by paralegals) and that defense counsel spoke on the phone with Ms. Moore for about 10 minutes. They request that 2.5 hours be deducted from Ms. Moore's time and that Ms. Law's time be reduced by 0.4 hours.

---

[8] The record indicates that defense counsel was late to one pre-mediation phone call, leaving the mediator and Ms. Moore waiting 20 minutes. Dkt. No. 24-2 at 25.

The submitted timesheets indicate that in the weeks following the mediation, Ms. Moore and Ms. Law made multiple attempts to correspond with defense counsel regarding Mr. Block's fees and costs. *See* Dkt. No. 24-2 at 28-29; *see also* Civil L.R. 54-5(a) ("Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees."). As reflected in the timesheets, Ms. Moore avers that these efforts included preparation of redacted billing statements (done primarily by Ms. Law, with Ms. Moore' supervision) for defense counsel's review. Ms. Moore further states that defendants responded with an offer to pay less than half of Mr. Block's demand, but did not respond to requests to identify disputed billing entries that Ms. Moore says would have permitted her to properly assess defendants' counteroffer. Dkt. No. 24-1 ¶¶ 24-27. Having reviewed counsel's timesheets, the Court finds that the claimed time spent on these activities is reasonable. No deductions will be made.

### 8. Preparation of Motion for Fees and Costs

Ms. Moore claims 8.5 hours and Ms. Law claims 18.6 hours incurred in connection with the present motion for fees and costs.[9] Dkt. No. 24-2 at 28-29; Dkt. No. 34-1 ¶ 19; Dkt. No. 34-2 ¶ 2. These hours include time spent on defendants' request to re-open the briefing on Mr. Block's motion for fees and costs, which the Court stated it would consider in addition to time spent in preparing the fees motion itself. Dkt. No. 31 at 2. Asserting that the fees motions filed by Ms. Moore in these types of lawsuits are largely the same (with modifications needed only to reflect the facts of the particular case in question), defendants argue that no more than 0.4 hours should be allowed for Ms. Moore and that Ms. Law's time should be reduced to 1.5 hours.

With respect to the present fees motion, Ms. Law spent 8.3 hours preparing the opening brief and supporting declarations and exhibits, and Ms. Moore spent 2 hours reviewing those papers. Dkt. No. 24-2 at 29. As for the reply, Ms. Moore states that she spent an additional 3.7 hours reviewing defendants' opposition and supporting papers and reviewing and revising the

---

[9] Although defendants' papers suggest that Mr. Medrano spent 0.4 hours on the present motion for fees and costs, the submitted timesheets indicate that Mr. Medrano did not spend any time on the present motion. Nor does Mr. Block claim fees based on any such work by Mr. Medrano.

reply papers, which were prepared by Ms. Law. Dkt. No. 34-1 ¶ 19. Ms. Law says that she spent an additional 5.4 hours reviewing defendants' opposition papers and drafting the reply and supporting papers, and 1 hour monitoring property records to ensure that defendants did not transfer ownership of the property during the pendency of the present motion. Dkt. No. 34-2 ¶ 2. The present litigation is a straightforward matter, and Mr. Block's fees motion does not present novel legal issues. Nevertheless, the Court does not find the time spent preparing the motion to be unreasonable, particularly in view of the number of issues raised in defendants' opposition and given indications in the record (Dkt. No. 24-1 ¶¶ 26-27) that prior to the filing of the motion, defendants did not respond to Mr. Block's requests for an itemization of the particular billing entries that defendants found excessive. *Compare Trujillo v. Orozco*, No. 5:17-cv-00566-EJD, 2018 WL 1142311, at *7 (N.D. Cal. Mar. 2, 2018) (awarding fees for 2 hours of attorney time and 10 hours of paralegal time to prepare plaintiff's fees motion in an action where only limited issues remained to be resolved by the time the mediation occurred) with *Kalani v. Starbucks Corp.*, No. No. 13-CV-00734-LHK, 2016 WL 379623, at *9 (N.D. Cal. Feb. 1, 2016) (awarding fees for 35.1 hours of combined attorney and paralegal time to prepare a fees motion and reply papers in a case that proceeded through a bench trial). Accordingly, no deductions will be made for time spent preparing Mr. Block's fees motion, including the reply and supporting declarations.

As for defendants' belated motion to re-open the briefing on Mr. Block's fees motion, Ms. Moore states that she spent 1.8 hours reviewing defendants' papers and conferring with defense counsel about the issue, and 1 hour reviewing Mr. Block's opposition, which was prepared by Ms. Law. Dkt. No. 34-1 ¶ 19. Ms. Law says that she spent 3.9 hours reviewing defendants' request, conducting legal research and preparing Mr. Block's opposition. Dkt. No. 34-2 ¶ 2. The Court finds the claimed time reasonable and will make no deductions here.

### 9. Lodestar Amount

No one argues for a multiplier to make an upward or downward adjustment of the lodestar amount, and the Court finds that no such adjustments are warranted. Based on the deductions discussed above, multiplying the reasonable hourly rates and the hours reasonably expended, yields a lodestar amount of $24,595 as reflected in the following table:

11

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Tanya Moore | $475 | 42.3 | $20,092.50 |
| Isaac Medrano | $175 | 4.9 | $857.50 |
| Whitney Law | $150 | 24.3 | $3,645.00 |
| | | **TOTAL** | **$24,595.00** |

### B.   Costs

Mr. Block seeks $2,975.49 in costs as follows:  $400 court filing fee, $121.40 process server fees, $234 pre-filing investigation fee, and $2,220 Certified Access Specialist ("CASp") fee for the General Order No. 56 joint site inspection.  Dkt. No. 24 at 23; Dkt. No. 24-1 ¶¶ 13-17, Exs. C-G.  Defendants object only to the $234 pre-filing investigation fee and the CASp fee.  Dkt. No. 32 at 11.  Defendants offer no explanation whatsoever for their objection to the $234 pre-filing investigation fee.  *Id*.  As for the CASp fee, they contend that the site inspection report "is nothing out of the ordinary," "[t]he standard fee is about $600," and that the $2,220 fee in question "is simply out of the standard fee and norms of this jurisdiction."  *Id*.  However, defendants offer no evidence to substantiate these assertions.  The Court will award Mr. Block all of his requested costs in the amount $2,975.49.

### III.   CONCLUSION

Based on the foregoing, Mr. Block's motion for attorneys' fees and costs is granted in part and denied in part as follows:  Mr. Block is awarded $24,595 in fees and $2,975.49 in costs, for a total award of $27,570.49.

**IT IS SO ORDERED.**

Dated: February 26, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge